*No. 21-2986*

In the
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

JAMES SNYDER,
Defendant-Appellant.

Appeal from the United States District Court,
Northern District of Indiana,
Hammond Division
Case No. 2:16-CR-00160-MFK-JEM-2
The Honorable Joseph Van Bokkelen
The Honorable Matthew F. Kennelly

*PETITION FOR PANEL RE-HEARING AND REHEARING EN BANC*

DATE:　　JUNE 29, 2022　　　　RESPECTFULLY SUBMITTED,

　　　　　　　　　　　　　　　　BY:　s/ANDREA E. GAMBINO
　　　　　　　　　　　　　　　　　　Attorney for James Snyder
　　　　　　　　　　　　　　　　　　Law Offices of Andréa E. Gambino
　　　　　　　　　　　　　　　　　　53 W. Jackson Blvd., Suite 1332
　　　　　　　　　　　　　　　　　　Chicago, IL 60604
　　　　　　　　　　　　　　　　　　(312) 322-0014
　　　　　　　　　　　　　　　　　　andrea@gambinodefense.com

# DISCLOSURE STATEMENT

1. The Defendant-Appellant is JAMES SNYDER.

2. Jackie M Bennett, Jr., Jayna M. Cacioppo, and Vivek R Hadley, of Taft Stettinius & Hollister LLP - One Indiana Sq Ste 3500, Indianapolis, IN 46204; Neal A Brackett of Barnes & Thornburg LLP - 11 S Meridian St Ste 1313, Indianapolis, IN 46204; Thomas M. Dogan and Matthew B. Dogan, of Dogan and Dogan, 6062 Lute Rd, Portage, IN 46368; Thomas Lee Kirsch , II, then of Winston & Strawn LLP - 35 W Wacker Dr., Chicago, IL 60601; and Andréa E. Gambino, appeared in the District Court on behalf of JAMES SNYDER.

3. Attorneys Andréa E. Gambino, Chicago, Illinois; and Attorney Matthew B. Dogan, of Dogan and Dogan, 6062 Lute Rd, Portage, IN 46368 are attorneys of record for JAMES SNYDER before this court.

s/Andréa E. Gambino
Law Offices of Andréa E. Gambino
53 W. Jackson Blvd., Suite 1332
Chicago, Illinois 60604
(312) 322-0014
andrea@gambinodefense.com

# TABLE OF CONTENTS

DISCLOSURE STATEMENT..................................................................................i

ARGUMENT……………………………………………………..……………….. …1

I.   Panel Rehearing Is Warranted to Correct Legal and Factual Errors Regarding
     the IRS Obstruction Conviction ………………………………………………..1

     A.   The panel erred in failing to apply de novo review………………………1

     B.   The panel relied on factual errors regarding FFTM's payroll tax debt..3

II.  The Court Should Grant Rehearing En Banc to Reconsider
     Whether 18 U.S.C. § 666(a)(1) Extends to Gratuities  …………………………..5

CONCLUSION…………………………………………………………………………7
4

# TABLE OF AUTHORITIES

**Cases**

*United States v. Agostino*, 132 F.3d 1183 (7th Cir. 1997) ............................................. 6

*Delgado v. U.S. Dep't of Just.*, 977 F.3d 1295 (7th Cir. 2020) ..................................... 2

*Easley v. Reuss*, 532 F.3d 592 (7th Cir. 2008) …………………………………………..2

*United States v. Fernandez*, 722 F.3d 1 (1st Cir. 2013 ..................................................... 6

*United States v. Hamilton*, 46 F.4th 389 (5th Cir. 2022) .............................................. 6

*W. Pac. R. Corp.* v. *W. Pac. R. Co.*, 345 U.S. 247 (1953) ................................................. 6

**Statutes**

18 U.S.C. 201(c)(1)(B) .................................................................................................... 7

18 U.S.C. § 201(b)(2), ..................................................................................................... 7

18 U.S.C. § 666 ............................................................................................................ 6,7

26 U.S.C. § 7612 ............................................................................................................. 7

28 U.S.C. § 46(c) ............................................................................................................. 6

**Rules**

F.R.A.P 35(a)(2). ............................................................................................................ 6

Fed. R. App. P. 40(a)(2) .................................................................................................. 2

## ARGUMENT

**I.  Panel Rehearing Is Warranted to Correct Legal and Factual Errors Regarding the IRS Obstruction Conviction**

Panel rehearing is "a mechanism for the panel to correct is own errors in the reading of the factual record or the law." *Easley v. Reuss*, 532 F.3d 592, 594 (7th Cir. 2008). This Court has used panel rehearing to correct "a factual error in the panel's opinion." *Delgado v. U.S. Dep't of Just.*, 977 F.3d 1295 (7th Cir. 2020). The petition "must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended." Fed. R. App. P. 40(a)(2). Here, the panel applied an incorrect abuse of discretion standard and relied on factual misapprehensions about the payroll tax and alleged misrepresentations on forms that underlay the tax-obstruction count. Had the panel not relied on facts at odds with the record, no acts would have occurred within the statute of limitations period.

**A.  The panel erred in failing to apply de novo review.**

The panel mistakenly applied an abuse of discretion standard, rather than de novo review, after erroneously finding that Mr. Snyder "moved only to strike paragraphs 1-20 of the tax count" and purportedly did not move to dismiss the tax-obstruction count.  Dec. at 18. At the conclusion of the first trial, Mr. Snyder filed a Motion to Dismiss the tax count on statute of limitations grounds, R. 331, and a Memorandum in Support of that Motion, R. 332. The District Court denied the Motion, relying on the "law of the case" doctrine. R. 345. Thus, the government on appeal also recognized that the appropriate standard of review to be applied to the statute of limitations issue was *de novo* review. Gov. Br. at 34.

1

### B.   The panel relied on factual errors regarding FFTM's payroll tax debt.

Respectfully, the panel's recitation of facts included misstatements at odds with the undisputed record that led the panel to misapprehend the lack of foundation for the tax-obstruction count.

The panel in several places misstated that the IRS "levied … "bank accounts" belonging to First Financial Trust Mortgage, the company that did not pay its payroll taxes in full during 2007, 2008, and 2009—years when many companies struggled through the Great Recession. **Dec. at 2.3.16**. However, the record shows that the company received a 2009 letter from the IRS expressing an "intent to levy." Trial 1, Ex.4, but the FFTM accounts were never actually levied.  On June 14, 2010, Mr. Snyder's company was dissolved due to its inability to continue paying its debts or employees. Tr. 1, Vol.3, 158-159. R. 547 Ex. 71, 3. Post-dissolution, there were no FFTM accounts from which to divert funds.



R. 547 Ex. 71, 3 .

Relatedly, the panel opinion (at 3) incorrectly states that "[i]f reimbursement checks had been deposited into First Financial Trust Mortgage's bank account, they would have been subject to the IRS levy." That is factually erroneous because (1) as noted, no levy occurred, and (2) this version of FFTM was not the same as the first; it was a name adopted by GVC Mortgage, was not owned by Mr. Snyder, and was not answerable to the IRS for the debts owed by FFTM I, which was dissolved in 2010. Mr. Snyder had no control over the accounts of FFTM II, and the IRS had no claim on the earnings of FFTM II. There was no diversion of funds, corrupt or otherwise.

3

Agent Hatagan, the sole witness to testify substantively on this count, admitted that after Snyder's company, FFTM I, was dissolved on June 14, 2010, GVC Mortgage - a company not owned by Mr. Snyder – assumed FFTM as a d/b/a on June 17, 2010. Tr. 1, Vol. 3, 159. Hatagan acknowledged that FFTM, the company that owed a payroll tax debt during the time it was owned and operated by Snyder, had ceased to exist as an Indiana company as of June 14, 2010. Tr. 1, Vol. 3, 160. Consequently, the implication that *after* that June 14, 2010, date FFTM I remained as an ongoing business entity, still owned by Snyder, that was generating revenue available to levy against Snyder's tax arrearage, was false, as Hatagan admitted. Tr. 1. Vol 3. 159. The invoices from SRC to GVC, d/b/a FFTM II, and paid by GVC, began on Junewere 23, 2010, after GVC had opted to assume the FFTM name. Tr. 1, Vol. 3, 161. The companies were separate and distinct. There was no diversion of payments to SRC, the only company owned by Mr. Snyder at the time—as his tax returns indicated.

These factual misapprehensions were central to the tax-obstruction count, because these misapprehensions underlay the purported corrupt acts with respect to Mr. Snyder's personal taxes. And without those acts, the case would have fallen outside the statute of limitations. As the District Court found, there were no corrupt acts with respect to the payroll taxes that brought the case within the statute of limitations. R. 200 at 3.

## II. The Court Should Grant Rehearing En Banc to Reconsider Whether 18 U.S.C. § 666(a)(1) Extends to Gratuities

An appellate court enjoys broad discretionary power to grant rehearing en banc. *See W. Pac. R. Corp.* v. *W. Pac. R. Co.*, 345 U.S. 247, 250, 97 L. Ed. 986, 73 S. Ct. 656 (1953); *see also* 28 U.S.C. § 46(c). This Circuit provides that en banc hearing is appropriate for questions of "exceptional importance." F.R.A.P 35(a)(2). The interpretation of Title 18, United States Code, Section 666(a)(1), and whether it extends to gratuities is a question of exceptional importance. The question has become the subject of a significant circuit split, following the First Circuit's decision in *United States v. Fernandez,* 722 F.3d 1 (1st Cir. 2013), joined more recently by the Fifth Circuit in *United States v. Hamilton*, 46 F.4th 389 (5th Cir. 2022).

Relying on circuit precedent, the panel held that Section 666(a)(1) does not require "a *quid pro quo*" agreement "to exchange money or something else of value for influence *in the future*." Dec. at 35. Instead, the panel held, the statute also covers gratuities—compensation "for actions the payee has already taken or is already committed to take." *Id.* (quoting *United States v. Agostino*, 132 F.3d 1183, 1195 (7th Cir. 1997). As the panel acknowledged, the First and Fifth Circuits take a "contrary" view, holding "that § 666 does not apply to gratuities." Dec. at 37 (citing *United States v. Fernandez*, 722 F.3d 1 (1st Cir. 2013), and *United States v. Hamilton*, 46 F.4th 389 (5th Cir. 2022)). Meanwhile, the Second, Sixth, Eighth, and Eleventh Circuits agree with this Court "that § 666(a)(1)(B) 'forbids taking gratuities as well as taking bribes.'" *Id.* at 36-37 (citations omitted).

5

Respectfully, the First and Fifth Circuits have the better reading of the statute. Federal officials are subject to separate provisions criminalizing bribes and gratuities, 18 U.S.C. § 201(b)(2), (c)(1)(B), while state and local officials face only one statute, *id.* § 666(a)(1). Section 666 "tracks closely" the federal-officer bribery provision, not the gratuity provision. *Hamilton*, 46 F.4th at 397. And section 666's 10-year maximum penalty is five times greater than the 2-year maximum for federal-officer gratuities—a bizarre disparity if section 666 covers gratuities. *Id.*; *Fernandez*, 722 F.3d at 24. Applying section 666 broadly also raises "a hoard of constitutional problems," including "First Amendment, federalism, and due-process concerns." *Hamilton*, 46 F.4th at 398 n.3. This Court should grant rehearing en banc to re-align itself with the First and Fifth Circuits on this longstanding, well-acknowledged split.

WHEREFORE, JAMES SNYDER, through counsel, respectfully requests panel rehearing to correct the errors of law and fact made by the panel in deciding to affirm Mr. Snyder's conviction of 26 U.S.C. § 7612 charge, and respectfully requests *en banc* rehearing to reconsider this Circuit's precedent regarding whether 18 U.S.C. § 666 excludes gratuities.

DATE:        June 29, 2023            Respectfully submitted,

                                                  By:    s/Andréa E. Gambino
                                                           An Attorney for James Snyder

Andréa E. Gambino
Law Offices of Andréa E. Gambino
53 W. Jackson Blvd., Suite 1332
Chicago, Illinois 60604
(312) 322-0014

# CERTIFICATE OF COMPLIANCE WITH F.R.A.P. RULE 32(g)

The undersigned, counsel of record for the Petitioner, James Snyder, furnishes the following in compliance with F.R.A.P Rule 32(g):

I hereby certify that this brief conforms to the rules contained in F.R.A.P Rule 32(g) and 35(b)(2)(A), for a petition produced with Century Schoolbook, a proportionally spaced font. The length of this brief is 2745 words.

DATE:   June 29, 2023        /s/*Andréa E. Gambino*
                             Law Offices of Andréa E. Gambino
                             53 W. Jackson Blvd., Suite 1332
                             Chicago, Illinois 60604
                             (312) 322-0014
                             andrea@gambinodefense.com

## PROOF OF SERVICE

I, Andréa E. Gambino, attorney for James E. Snyder, certify that on June 29, 2023, I served an electronic copy of this Motion on:

Debra Riggs Bonamici, Esq.
Assistant United States Attorney
219 S. Dearborn, 5th Floor
Chicago, Illinois 60604

_____

s/Andréa E. Gambino
Attorney for James E. Snyder

Law Offices of Andréa E. Gambino
53 W. Jackson Blvd., Suite 1332
Chicago, IL 60604
(312) 322-0014
agambinolaw@gmail.com
andrea@gambinodefense.com